UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, | Case No. 20-cv-01503-JST (LB) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL** |
| GOLDEN GATE PETROLEUM COMPANY, | Re: ECF No. 27 |
| Defendant. | |

## INTRODUCTION

The plaintiff Union Pacific Railroad Company sued defendant Golden Gate Petroleum Company to recover demurrage charges under 49 U.S.C. §§ 10702 and 10746. Golden Gate's counsel moved to withdraw as counsel. The court grants the motion.

## STATEMENT

Union Pacific filed this lawsuit on February 28, 2020.[1] Golden Gate — represented by DLA Piper — answered the complaint on May 19, 2020.[2] At the initial case-management conference,

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Answer – ECF No. 16.

ORDER – No. 20-cv-01503-JST (LB)

the trial judge set a schedule that included a referral to private mediation and a trial date of September 27, 2021. Fact discovery closed on January 15, 2021, and expert discovery closes on April 16, 2021.[3]

On February 19, 2021, DLA Piper moved to withdraw as defense counsel on the grounds that Golden Gate "has rendered it unreasonably difficult for Counsel to carry out the representation effectively" and is in continuing breach of material terms of the attorney-client agreement.[4] "The relationship of trust and confidence essential to the attorney-client relationship has ceased to exist, and irreconcilable differences have arisen between the clients and attorney making it unreasonably difficult to carry out the employment effectively."[5] DLA Piper served Golden Gate with the motion by mail and email and received no objection.[6] Union Pacific filed a statement of non-opposition to the motion.[7] The court held a hearing on April 1, 2021.

## ANALYSIS

**1. Governing Law**

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Here, the client is a corporation that cannot appear pro se. Thus, under the local rules, if the court grants the motion to withdraw, it does so on the condition that all papers will be served on withdrawing counsel until new counsel appears in the case. N.D. Cal. Civ. L.R. 11-5(b).

The California Rules of Professional Conduct govern withdrawal. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008). Grounds for withdrawal under Rule 1.16 are as follows:

> (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and

---

[3] Scheduling Order – ECF No. 25.

[4] Mot. – ECF No. 27 at 1–2.

[5] Fluhr Decl. – ECF No. 27-1 at 2 (¶ 2).

[6] *Id*. (¶ 3); Mot. – ECF No. 27 at 3–4; Proof of Serv. – ECF No. 34.

[7] Statement – ECF No. 32.

cannot be supported by good faith argument for an extension, modification, or reversal of existing law; (2) the client either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud; (3) the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent; (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively; (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation; (6) the client knowingly and freely assents to termination of the representation; (7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal; (8) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively; (9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or (10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Cal. R. Prof. Conduct 3-700(b)(1)–(10).

Counsel must not withdraw until he "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel," and returned client materials, property, and unearned or unincurred fees or expenses. Cal. R. Prof. Conduct 3-700(c).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when considering a motion for withdrawal, including (1) the reasons for withdrawal, (2) the possible prejudice from withdrawal to other litigants, (3) the harm that withdrawal might cause to the administration of justice, and (4) the extent to which withdrawal will delay resolution of the case. *Forreststream Holdings Ltd. v. Shenkman*, No. 16-cv-01609-LB, 2019 WL 1096797, at *2 (N.D. Cal. Mar. 8, 2019) (citing *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)).

**2. Application**

The breakdown of the attorney-client relationship and Golden Gate's material breach of the attorney-client agreement are good cause for DLA Piper's withdrawal. *Frazier v. Am. Credit Resol., Inc.*, No. 18-cv-07729-TSH, 2019 WL 3554505, at *2–3 (N.D. Cal. Aug. 5, 2019)

(granting motion to withdraw where client's lack of communication "made it unreasonably difficult" for counsel to continue the representation and the client breached its contractual obligation by failing to pay counsel); *Max v. Hernandez*, No. 04cv1189-L(AJB), 2007 WL 2990086, at *1 (S.D. Cal. Oct. 11, 2007) (granting motion to withdraw where "[c]ounsel maintains withdrawal is necessitated by a breakdown in the attorney-client relationship due to disagreements regarding the best way to proceed and Plaintiff's unwillingness to follow the counsel's advice"). DLA Piper also took reasonable steps to avoid foreseeable prejudice to Golden Gate by notifying it of the motion. *Frazier*, 2019 WL 3554505 at *2 (counsel took reasonable steps in notifying the client of the case status and its intent to withdraw). The motion is unopposed. *Lustig v. AzGen Sci. Holdings PLC*, No. 18-cv-07503-HSG, 2019 WL 1318254, at *1 (N.D. Cal. Mar. 22, 2019).

Golden Gate may not proceed pro se. "It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. V. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) (cleaned up); *accord Lustig*, 2019 WL 1318254 at *2 ("a business entity[] may appear in federal court only through counsel"); N.D. Cal. Civ. L.R. 3-9(b). Thus, under the local rules, DLA Piper must continue to accept service of all papers and forward them to Golden Gate. N.D. Cal. Civ. L.R. 11-5(b).

The court gives Golden Gate 30 days to obtain new counsel and warns that failure to obtain counsel may result in the plaintiff's moving to strike the answer and seek default judgment against it. *Lustig*, 2019 WL 1318254 at *2 (giving 30 days and similar warning).

## CONCLUSION

The court grants DLA Piper's motion to withdraw. The court directs DLA Piper to serve this order on Golden Gate by mail and email within three business days and to file a proof of service.

**IT IS SO ORDERED.**

Dated: April 1, 2021

_____
LAUREL BEELER
United States Magistrate Judge